IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03026-BNB
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

TRAVIS HODSON,

      Plaintiff,

v.

UNKNOWN OFFICER(S),
BIRGIT M. FISHER, Assistant Superintendant [sic] for Clinical Programs,
ROCHELLE BEIER-KEMMET, Patient Representative, and
WARD C-1 STAFF,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT

---

      Plaintiff, Travis Hodson, appears to be a prisoner who currently is confined at the

Colorado Mental Health Institute at Pueblo.  However, he does not appear on the

Colorado Department of Corrections database, www.doc.state.co.us.  He submitted *pro*

*se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money

damages.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court

has determined that the submitted document is deficient as described in this order.

Plaintiff will be directed to cure the following if he wishes to pursue any claims in this

Court in this action.  Any papers that Plaintiff files in response to this order must include

the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)    _X_    is not submitted (must complete the Court's current form revised 10/01/12 with Authorization and Certificate of Prison Official)
(2)    __    is missing affidavit
(3)    _X_    is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)    __    is missing certificate showing current balance in prison account
(5)    __    is missing required financial information
(6)    __    is missing an original signature by the prisoner
(7)    __    is not on proper form (must use the Court's current form)
(8)    __    names in caption do not match names in caption of complaint, petition or habeas application
(9)    _X_    other: § 1915 motion and affidavit and certified account statement only are necessary if $400.00 filing fee is not paid in full in advance

**Complaint, Petition or Application**:
(10)    __    is not submitted
(11)    __    is not on proper form
(12)    __    is missing an original signature by the prisoner
(13)    __    is missing page nos. ___
(14)    __    uses et al. instead of listing all parties in caption
(15)    __    names in caption do not match names in text
(16)    __    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)    _X_    other:  clarify whether or not Plaintiff is a prisoner

The Court must construe the Prisoner Complaint liberally because Mr. Hodson is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Hodson will be ordered to file an amended Prisoner Complaint.

Mr. Hodson complains about the review and confiscation of certain legal papers (claim one), problems he has experienced with the grievance process (claim two), and his placement on an observation wing for seven days (claim three).  However, he fails to allege specifics as to the personal participation of each named Defendant.

In order to state a claim in federal court, Mr. Hodson "must explain what each

2

defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Hodson should name as defendants in the amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hodsone must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a

3

defendant may not be held liable for the unconstitutional conduct of his or her

subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six
> Unknown Named Agents of Fed. Bureau of Narcotics*, 403
> U.S. 388 (1971),] or § 1983 for conduct "arising from his or
> her superintendent responsibilities," the plaintiff must
> plausibly plead and eventually prove not only that the
> official's subordinates violated the Constitution, but that the
> official by virtue of his own conduct and state of mind did so
> as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Mr. Hodson may use fictitious names, such as "John or Jane Doe," if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr.

Hodson uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Hodson will be directed to file must comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for

the claims against them so that they may respond and to allow the court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Accordingly, it is

ORDERED that Plaintiff, Travis Hodson, cure the deficiencies designated above and file an amended Prisoner Complaint that complies with this order **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and filing the amended Prisoner Complaint.  It is

5

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies and file an amended Prisoner Complaint as directed **within thirty (30) days from the date of this order**, certain claims against certain Defendants, or the entire the amended Prisoner Complaint and action, may be dismissed without further notice.

DATED November 11, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
GORDON P. GALLAGHER
United States Magistrate Judge