IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03026-GPG

TRAVIS HODSON,

    Plaintiff,

v.

UNKNOWN OFFICERS,
BIRGIT M. FISHER,
ROCHELLE BEIER-KERMET,
KAIRI VAHER, Nurse Practitioner,
JENNIFER [LAST NAME UNKNOWN] (RN), Register [sic] Nurse, and
BRENDA DEMACHET, Psychologist,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Travis Hodson currently is confined at the Colorado Mental Health Institute in Pueblo (CMHIP), Colorado. He initiated this action by filing *pro se* a Prisoner Complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983 for money damages. The Court reviewed the Prisoner Complaint and determined it was deficient. Therefore, on November 11, 2014, Magistrate Judge Boyd N. Boland entered an order, ECF No. 3, directing Plaintiff to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The November 11 order pointed out that Plaintiff failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised October 1, 2012, with an authorization and certificate of prison official. The November

11 order also pointed out that Plaintiff failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The November 11 order directed Plaintiff to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, and to use those forms in curing the designated deficiencies. Plaintiff further was directed to file a Prisoner Complaint that (1) clarifies whether he is a prisoner; (2) complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; and (3) alleges how each defendant personally participated in the alleged constitutional violations. The November 11 order warned Plaintiff that if he failed to cure the designated deficiencies and file an Amended Prisoner Complaint as directed within thirty days, the action may be dismissed without prejudice and without further notice.

On November 20, 2014, Plaintiff filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 5, which is an improper form to file if Plaintiff is a prisoner, together with an uncertified account ledger, ECF No. 5 at 4, which does not qualify as a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. On December 10, 2014, Plaintiff filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 7, but failed to complete the authorization and certificate of prison official portions of the form and attach a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. Therefore, neither § 1915 motion Plaintiff submitted cured the deficiencies designated in the November 11 Order. Plaintiff also filed an

Amended Prisoner Complaint, ECF No. 6, pursuant to § 1983 for money damages on December 10, 2014.

On December 17, 2014, Magistrate Judge Gallagher entered an order that allowed Plaintiff a final opportunity to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form. Plaintiff was directed to complete and submit all pages of the form and attach a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.

On December 24, 2014, Plaintiff submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff attached a certified account statement for the six-month period immediately preceding the filing of this case. Plaintiff, however, failed to complete Page Three of the § 1915 Motion, ECF No.10 at 4, and as a result did not authorize the withdrawal of funds from his account for payments of the filing fee. Plaintiff simply wrote, "NA," on Page Three.

In the Amended Prisoner Complaint, Plaintiff indicates that he was transported to the CMHIP by the Weld County Sheriff's Office after he was accused of committing a crime. ECF No. 6 at 5. Because Plaintiff states he is detained pending disposition of a crime that he has been accused of committing and he has submitted his claims on a Prisoner Complaint form and submitted a Prisoner's Motion and Affidavit to proceed pursuant to 28 U.S.C. § 1915, the Court finds he currently is a pretrial detainee and therefore is subject to 28 U.S.C. § 1915(b). Under § 1915(b), Plaintiff is required to submit an initial partial payment and monthly payments until the filing fee is paid in full ($350, an administrative fee of $50 is not required).

Because Plaintiff, after being given two opportunities to cure, has not completed the authorization portion of the § 1915 Motion, or provided reason why the authorization does not apply to him, he now has failed to cure the noted deficiencies within the time allowed. The Court, therefore, will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma paupers status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pampers in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure all noted deficiencies. It is

FURTHER ORDERED that leave to proceed in forma pampers on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   23rd   day of    January    , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court