IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03026-LTB

TRAVIS HODSON,

    Plaintiff,

v.

UNKNOWN OFFICERS,
BIRGIT M. FISHER,
ROCHELLE BEIER-KERMET,
KAIRI VAHER, Nurse Practitioner,
JENNIFER [LAST NAME UNKNOWN] (RN), Register [sic] Nurse, and
BRENDA DEMACHET, Psychologist,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Motion to Relief From Judgment," ECF No. 20, that Plaintiff filed on May 6, 2015. The Court must construe the Motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). Because

the Motion to Reconsider was filed more than twenty-eight days after the dismissal of this case, (case was dismissed on January 23, 2015), the Court will consider the Motion pursuant to Rule 60(b)  See *Van Skiver*, 952 F.2d at 1243.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the January 23 Order of Dismissal.  In the Motion, Plaintiff states

> I request the court to grant relief on the order for dismissal for lack of jurisdiction by me not filing in a timely manner was due to mistake, inadvertence, surprise, and excusable neglect.  three is a justifiable excuse.

ECF No. 23.  Plaintiff asserts generic claims without any factual support.  Nothing Plaintiff states supports extraordinary circumstances.  The Motion for Relief, to extent applicable, also is denied for the same reasons stated in the Court's April 28, 2015 Order.  Accordingly, it is

ORDERED that the Motion to Relief From Judgment," ECF No. 20, that Plaintiff filed on May 6, 2015, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this  12th  day of    May        , 2015.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court